UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TERRY SAMPIA**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 06-9081**

**THE HANOVER INSURANCE COMPANY**                             **SECTION B(1)**

ORDER AND REASONS

Before the Court is Defendant Massachusetts Bay Insurance Company's ("Massachusetts Bay")[1] Motion to Dismiss (Rec. Doc. No. 4). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion To Dismiss is **DENIED**.

*BACKGROUND*

On August 29, 2005, Hurricane Katrina and resulting wind, rain and flooding caused significant damage to Plaintiff's home. Plaintiff's Massachusetts Bay homeowner's insurance policy was in full force and effect on August 29, 2005 and contained a flood exclusion.

On February 6, 2006, Plaintiff filed a class action complaint captioned *Sampia v. Massachusetts Bay Insurance Co.*, Civil Action No. 06-055, individually and on behalf of all those similarly situated. Plaintiff asserted a claim for the total face value of

---

[1] Incorrectly named Hanover Insurance Company.

1

Plaintiff's insurance policy pursuant to La. R.S. 22:695(A), Louisiana's "Valued Policy Law" ("VPL").  Plaintiff's insured property sustained a covered loss and said property was rendered a total loss.  The Honorable Sarah S. Vance granted Defendant's motion to dismiss Plaintiffs' VPL claim holding "Louisiana's Valued Policy Law does not apply when a total loss is not caused by a covered peril."  Order And Reasons of August 2, 2006, p. 21, *Chauvin v. State Farm Fire & Casualty Co.,* Case No. 05-6454.[2]

On , August 25, 2006, Plaintiff filed the instant suit against Massachusetts Bay in the 34th Judicial District Court for the Parish of St. Bernard.  Plaintiff alleged similar facts and asserted claims under VPL, breach of contract, and bad faith.  Defendant removed the matter to federal court.

Defendant contends Plaintiff's Petition must be dismissed under the doctrine of *res judicata*.

Plaintiff in opposition contend the doctrine of *res judicata* does not bar Plaintiff's action.  First, Plaintiff argues Judge Vance's Order merely addressed a question of law notwithstanding whether an excluded peril proximately caused the total loss.  Second, Plaintiff argues that a class representative is not barred from asserting individual non-class claims against Defendant.

---

[2] Plaintiff's appeal of Judge Vance's decision is currently pending.

### *DISCUSSION*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is disfavored and should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). In analyzing a 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999). The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id*. at 586 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 601 (1969)); *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996). Thus, a court should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

Defendant asserts Plaintiff's petition should be dismissed in accordance with the doctrine of *res judicata.* La. Rev. Stat. § 13:4231 provides in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> . . .
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

As articulated in *Burguires v. Pollingue*, 843 So.2d 1049, 1053 (La. 2003), the doctrine of *res judicata* precludes a second action when:

> (1) the judgment is valid;
> (2) the judgment is final;
> (3) the parties are the same;
> (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and
> (5) the cause or causes of action asserted in the second suit arose out of the transaction of occurrence that was the subject matter of the first.

Parties do not dispute the following: (1) judgment is valid; (2) judgment is final; (3) parties are the same; and (4) the cause(s) of action asserted in the second suit existed at the time

4

of final judgment in the first suit.  However, Plaintiff and Defendant dispute (5) whether the cause(s) of action in the second suit arose out of the same transaction or occurrence as the first suit.  The court finds all causes of action arose out of claims handling.  Therefore, all required factors are satisfied.

However, the Court further considers the exceptions to the general rule of *res judicata* as provided in La. Rev. Stat. § 13:4232 which states:

> A. A judgment does not bar another action by the plaintiff:
> (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
> (2) When the judgment dismissed the first action without prejudice; or
> (3) When the judgment reserved the right of the plaintiff to bring another action.

The Official Comment in § 13:4232 elaborates on the Court's discretion to "grant relief from the judgment in exceptional circumstances" and notes that the discretion is not intended to apply "in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation."

In the Order dismissing Plaintiff's original VPL claims, Judge Vance stated, "[t]his ruling does not reach any of plaintiffs' claims that are not predicated on the interpretation of the VPL

discussed in this opinion." Order And Reasons of August 2, 2006, p. 21, *Chauvin v. State Farm Fire & Casualty Co.,* Case No. 05-6454. Judge Vance further stated that factual issues were not before the Court as the Court was asked "to determine only whether, as a matter of law, any amount of covered loss under a homeowner's policy triggered the VPL, regardless of whether an excluded peril was the proximate cause of the total loss." Order And Reasons of September 18, 2006, p. 6, *Chauvin v. State Farm Fire & Casualty Co.,* Case No. 05-6454. Judge Vance's judgment solely dismissed VPL claims alleging a non-covered peril proximately caused Plaintiff's total loss. In effect, Judge Vance's judgment dismissed Plaintiff's original claims without prejudicing any additional claims including those asserted under VPL alleging a covered loss that proximately caused Plaintiff's total loss.

The Court is heavily persuaded by the consistent language limiting the scope of Judge Vance's opinion. Finding Plaintiff's original action was dismissed without prejudice, the second exception to the general rule of *res judicata* is applicable.

Furthermore, the Court recognizes that Plaintiff intentionally narrowed the initial claim in an attempt to achieve class action status and did not simply fail to assert claims through oversight.[3]

---

[3]Judge Vance granted Defendant's motion to dismiss before ruling on Plaintiff's request for class action.

Therefore, the first exception to the general rule of *res judicata* for exceptional circumstances is applicable.  Accordingly,

**IT IS ORDERED** that Defendant's Motion To Dismiss is **DENIED**.

New Orleans, Louisiana this 8th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

Nonetheless, this Court takes judicial notice of Plaintiff's intent to proceed in the initial action as a representative for a class and is mindful of *Cooper v. Federal Reserve Bank of Richmond*, 104 S.Ct. 2794 (1984) in which the United States Supreme Court held members of a class were only precluded from bringing subsequent individual actions when asserting a claim previously litigated.